WITHOUT ORAL ARGUMENT

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THE AGAVE PROJECT LLC, d/b/a
THORNTAIL, and JOEL VANDENBRINK,
INDIVIDUAL,

       Plaintiff,

v.

HOST MASTER / 1337 SERVICES LLC, a
ST. KITTS and NEVIS COMPANY, and a
DOE,

              Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 23-1984

PLAINTIFFS' MOTION FOR
**TEMPORARY RESTRAINING
ORDER** AND ORDER
AUTHORIZING ALTERNATE
SERVICE AND EXPEDITED
DISCOVERY AND REQUIRING
DEFENDANTS TO SHOW CAUSE RE
PRELIMINARY INJUNCTION

NOTE FOR MOTION CALENDAR:
DECEMBER 26, 2023

**PLAINTIFFS' MOTION FOR TEMPORARY
RESTRAINING ORDER** - i

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................1

II.   FACTUAL BACKGROUND ...............................................................................3

   A.   Establishment of the Thorntail Hard Agave Trademark ...............................3

   B.   Acquisition of the Infringing Domain and Publication of the Defamatory Websites ...........................................................................................................4

   C.   Doe's Concealment of Identity .......................................................................4

   D.   UDRP Arbitration ...........................................................................................5

   E.   Attempted Service on Defendants ..................................................................6

   F.   Ongoing Harm .................................................................................................6

III.  ARGUMENT .......................................................................................................7

   A.   Plaintiffs Are Entitled to a Temporary Restraining Order to Immediately Enjoin Defendant's Malicious Cybersquatting. ..............................................7

      1.   Plaintiffs Are Likely to Succeed on the Merits of Their Claims. ...................8

         a.   Declaratory Judgement ..............................................................8

         b.   Trademark Infringement ............................................................9

         c.   Cybersquatting ........................................................................10

         d.   Defamation ..............................................................................11

         e.   Business Disparagement ..........................................................11

         f.   Tortious Interference ...............................................................12

         g.   Washington State Unfair Competition ....................................13

      2.   Plaintiffs Are Suffering and Will Continue to Suffer Irreparable Harm Absent Injunction. .........................................................................................14

      3.   The Balance of Equities Requires Issuance of an Injunction. .....................15

      4.   An injunction is in the public interest. .........................................................15

      5.   The Court Should Issue a TRO to Enjoin Operation of the Defamatory Websites. .......................................................................................................16

   B.   The Court Should Order Expedited Discovery. .............................................17

   C.   The Court Should Authorize E-Mail Service and Service by P.O. Box. .......19

   D.   The Court Should Require Defendants to Show Cause Why a Preliminary Injunction Should Not Issue. ........................................................................22

IV.   CONCLUSION ..................................................................................................23

**PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER** - ii

129645.0002/8075328.1

LOWE GRAHAM JONES ᴾᴸᴸᶜ

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

# TABLE OF AUTHORITIES

**Cases**

*3BA Int'l LLC v. Lubahn*, 2010 WL 2105129 (W.D. Wash. 2010) ......................................8

*Agassi Enterprises, Inc. v. Target Corp.*, No. 2:07-cv-01252-RLH—GWF, 2007 WL 4441195 (D. Nev. Dec. 11, 2007)................................................................................15

*Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127 (9th Cir. 2011) ...........................8

*Amazon.com, Inc. v. Expert Tech Rogers PVT Ltd.*, No. 20-cv-07405-PJH (JSC), 2021 U.S. Dist. LEXIS 195212 (N.D. Cal. Sep. 22, 2021) ..............................................10

*Ariz. Dream Act Coal. v. Brewer*, 757 F.3d 1053 (9th Cir. 2014) ....................................14

*Brookfield Communs., Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036 (9th Cir. 1999)......15

*Cobbler Nev., LLC v. Does 1-32*, 2015 WL 5315948 (W.D. Wash. 2015) .......................17

*Disney Enters. v. VidAngel, Inc.*, 869 F.3d 848 (9th Cir. 2017) ......................................14

*eBay, Inc. v. Bidder's Edge*, 100 F. Supp. 2d 1058 (N.D. Cal. 2000) ..............................14

*Fitness Int'l, LLC v. Alspaugh*, No. SA CV 22-01800-DOC-DFM, 2022 U.S. Dist. LEXIS 231861 (C.D. Cal. Oct. 14, 2022).............................................................13, 15

*Gantt v. Rhoton*, 2019 WL 4858619 (W.D. Wash. 2019) ...............................................18

*Garcia v. Google, Inc.*, 766 F.3d 929 (9th Cir. 2014) ......................................................8

*Getty Images (U.S.), Inc. v. Virtual Clinics*, 2014 WL 1116775 (W.D. Wash. 2014)........14

*Gillespie v. Civiletti*, 629 F.2d 637 (9th Cir. 1980) ........................................................17

*Leingang v. Pierce Cty. Med. Bureau, Inc.*, 131 Wn.2d 133 P.2d 288 (1997).................12

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 134 S. Ct. 1377, 188 L. Ed. 2d 392 (2014)............................................................................................11

*Microsoft Corp. v. Does 1-10*, 2018 WL 263313 (W.D. Wash. 2018).............................17

*Microsoft Corp. v. Mai*, 2009 WL 1393750 (W.D. Wash. 2009) .....................................16

*Music Grp. Macao Commercial Offshore Ltd. v. John Does I-IX*, 2014 WL 11010724 (W.D. Wash. 2014)...................................................................................................17

*N.Y.C. Triathalon, LLC v. NYC Triathalon Club, Inc.*, 704 F. Supp. 2d 305 (S.D.N.Y. 2010)......................................................................................................................15

*OTR Wheel Eng g, Inc. v. W. Worldwide Servs., Inc.*, 897 F.3d 1008 (9th Cir. 2018).........9

*Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 204 P.3d 885 (Wash. 2009) ...........13

**PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER** - iii

129645.0002/8075328.1

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

*People Who Care Youth Ctr., Inc. v. AMMEC, Inc. (In re People Who Care Youth Ctr., Inc)*, Nos. 2:18-bk-10290-RK, 2:18-ap-01139-RK, 2023 Bankr. LEXIS 2514 (Bankr. C.D. Cal. Sep. 26, 2023) ...................................................................................19

*Perez v. Lukas Mach.*, Inc., 2014 WL 1466443 (W.D. Wash. 2014) ...................................8

*Renaud v. Gillick*, 2007 WL 98465(W.D. Wash. 2007) .....................................................16

*Rent-A-Ctr., Inc. v. Canyon TV & Appliance Rental, Inc*., 944 F.2d 597 (9th Cir. 1991)..14

*Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002) ..........................20, 21

*Royal Holdings Techs. Corp. v. IP Video Mkt. Info, Inc.*, No. 21-55048, 2022 U.S. App. LEXIS 31022 (9th Cir. Nov. 9, 2022) ...............................................................................10

*Rubie's Costume Co., Inc. v. Yiwu Hua Hao Toys Co.*, 2019 WL 6310564 (W.D. Wash. 2019) ...........................................................................................................................20, 21

*Seabourn Cruise Line Ltd. v. Goldring*, No. 2:22-cv-00999-BAT, 2022 U.S. Dist. LEXIS 166389, (W.D Wash. Aug. 29, 2022) ..............................................................................15

*Studio 010 Inc. v. Digit. Cashflow LLC*, No. C20-1018-DGE, 2022 U.S. Dist. LEXIS 75232 (W.D. Wash. Apr. 4, 2022) ...............................................................................13

*Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832 (9th Cir. 2001)..............14

*Ty, Inc. v. GMA Accessories, Inc.*, 132 F.3d 1167 (7th Cir. 1997)...................................14

*United Fed'n of Churches, LLC v. Johnson*, 598 F. Supp. 3d 1084 (W.D. Wash. 2022) ...12

*Visa Int'l Serv. Ass'n v. JSL Corp.*, 533 F. Supp. 2d 1089 (D. Nev. 2007).........................9

*Water Splash, Inc. v. Menon*, 137 S. Ct. 1504 (2017) .......................................................20

*Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7 (2008) .............................................7

**Statutes**

15 U.S.C. § 1125(d) ..............................................................................................................9

28 U.S.C.S. § 2201.................................................................................................................8

**Other Authorities**

The Washington Consumer Protection Act ("WCPA")........................................................12

Wright & A. Miller, Fed. Practice & Procedure § 1061 .........................................20

**Rules**

Fed. R. Civ. P. 26(d), (f); 30(b); 34(b).................................................................................16

**PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER** - iv

129645.0002/8075328.1

LOWE GRAHAM JONES ᴾᴸᴸᶜ

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

Fed. R. Civ. P. 4 ................................................................................................................20

Fed. R. Civ. P. 45(d)(2)(B) ...............................................................................................22

Fed. R. Civ. P. 65(b)(1).....................................................................................................16

**PLAINTIFFS' MOTION FOR TEMPORARY
RESTRAINING ORDER** - v

129645.0002/8075328.1

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

# I.    INTRODUCTION

The Agave Project LLC, d/b/a Thorntail Hard Agave ("Thorntail"), is an alcoholic-beverage company incorporated by Joel VandenBrink ("VandenBrink") (collectively "Plaintiffs"). Someone with an apparent grudge—who has taken steps to conceal his or her identity (Defendant "Doe")—has registered the domain, "thorntailhardagave.com," and used it to publish a website that shows a series of images with false, defamatory, and malicious captions. If website's source code is inspected, the purpose of the website is displayed above the code for the website—namely "Fuck You Joel." Screenshots from the website and source code are shown below:

| | |
|---|---|
| **Screenshot 1 – Disparaging Statements Regarding Thorntail Products** | **Screenshot 2 – Disparaging Statements Regarding Cocaine Addiction** |
|  For those with refined palates. Made from only the freshest ingredients. All organic and shit. ;) |  Yes sir, I'll definitely use this seed money on setting up a production facility. |

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

| | |
|---|---|
| **Screenshot 3 – Disparaging Statements Regarding Reliability of Plaintiffs**  For those who find thrill in the uncertain. Who appreciates a safe, steady return anyway? | **Screenshot 4 – Disparaging Statements Regarding Alcoholism**  Because being a sober father is secondary to getting to PARTYYYYYYYY. |
| **Screenshot 5 - Disparaging Statements Regarding Settled Lawsuit**  Investors, rejoice! Who needs returns when you can fund his definitely legal endeavors? | **Screenshot 6 -- Website Source Code**  |

(Declaration of Joel VandenBrink ("VandenBrink Decl.") Exhibit 1.)

Apparently, the same Doe has published other websites, including kompletedesignbuild.com, and anonimcard.com, that display the same content including the same references to Joel being an alcoholic, cocaine addict, and otherwise untrustworthy. These false and defamatory statements are causing obvious, irreparable harm to Plaintiffs daily. Plaintiffs filed this action to stop Doe's conduct.

**PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER** - 2

129645.0002/8075328.1

Plaintiffs bring this motion for a temporary restraining order ("TRO") to prevent Doe from continuing to do needless harm to Thorntail and VandenBrink until the Court can enter a preliminary injunction. To facilitate entry of a preliminary injunction, Plaintiffs seek expedited discovery from third parties to determine Doe's identity. And because Doe's identity is currently unknown, Plaintiffs seek leave to serve process on Defendants Host Master / 1337 Services LLC ("Host Master 1337") (the Saint Kitts and Nevis company used to register the thorntailagave.com domain) and Doe by electronic means and by mail directed at Host Master 1337's P.O. box. Finally, Plaintiffs seek an order requiring Defendants to show cause (of which there is none) why such an injunction should not issue and extending the TRO for 45 days to allow Plaintiffs time to complete service and conduct expedited discovery.

## II.   FACTUAL BACKGROUND

Plaintiff VandenBrink has extensive experience in the alcoholic-beverage industry, having previously founded Two Beer Brewing Co. and Seattle Cider Co. (*Id.* 17.) Both brands were acquired by Agrial Group in 2016. VandenBrink went on to found The Agave Project. Soon thereafter, Defendants began a campaign to publicly disparage Plaintiffs.

### A.   Establishment of the Thorntail Hard Agave Trademark

At least as early as March of 2023, VandenBrink accrued trademark rights by offering for sale, securing an agreement for distribution of, and continuing to market and promote its hard-cider products under the brand name, "Thorntail Hard Agave." (*Id.* 12.) Among other things, VandenBrink sent samples of its Thonrtail Hard Agave products to Columbia Distributing in Kent, Washington, in March of 2023, resulting in an agreement

**PLAINTIFFS' MOTION FOR TEMPORARY
RESTRAINING ORDER** - 3

129645.0002/8075328.1

Lowe Graham Jones ᴾˡˡᶜ

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

to purchase the branded cider for resale that was fulfilled in December of 2023. (*Id.* ¶ 13.) Plaintiffs also are marketing Thorntail Hard Agave on drinkthorntail.com. Thorntail Hard Agave products have received public reviews on Untappd, an app for sharing reviews and recommendations regarding alcoholic beverages and bars. (*Id.* 14-15.)

**B.      Acquisition of the Infringing Domain and Publication of the Defamatory Websites**

In May of 2023—just after Plaintiff began offering for sale, marketing, and promoting Thorntail Hard Agave—Defendants registered the domain, "thorntailhardagave.com" (the "Infringing Domain"). At the same time, Defendants registered the domain, "kompletedesignbuild.com," and later in August of 2023 Defendants registered the domain, "anonimcard.com" (together with thorntailhardagave.com, the "Defamatory Websites"). (*Id.* 23.) The Defamatory Websites publish various false and inflammatory statements and images about Plaintiffs, including:

- Thorntail Hard Agave is urine and "shit" (VandenBrink Decl." ¶ 3);
- Funding for Thorntail will be used to purchase drugs (*Id.*);
- VandenBrink is an alcoholic and a cocaine addict and conducts other illegal activity (*Id.*).

**C.      Doe's Concealment of Identity**

Defendant Doe has been careful to hide their identity—apparently to avoid being held responsible for their misconduct. Thus, Doe registered the Infringing Domain through Tucows, a registrar known to have a history of non-compliance with take-down requests, which did not even list any registrant information until mandated to by the arbitrator in compliance with Internet Corporation for Assigned Names and Numbers ("ICANN")

**PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER** - 4

129645.0002/8075328.1

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

policies Tucows agreed to as a registrar. (Compl. ¶ 33-35.)

To learn the identity of the registrant for the "thorntailhardagave.com" domain, Plaintiffs instituted an action pursuant to the Uniform Domain-Name Dispute-Resolution Policy ("UDRP") with the World Intellectual Property Organization that was heard by Forum Alternative Dispute Resolution. (*Id.* ¶ 36.) Through that process, Plaintiffs learned that the anonymous individual or entity behind the Infringing Domain was further anonymized by using an intermediary, Host Master 1337. Host Master 1337 is further anonymized by a P.O. box based in St. Kitts and Nevis rather than a business address. (*Id.* ¶¶ 36-38.)[1]

### D.   UDRP Arbitration

Plaintiffs initiated the UDRP action against the then unknown registrant seeking to transfer the Infringing Domain on November 10, 2023. (Declaration of Mitchell D. West ("West Decl.") Ex 1 at 2.) In response to a mandatory request by Forum Alternative Dispute Resolution ("Forum"), under the UDRP, Tucows identified Host Master 1337 as the registrant of the Infringing Domain via email. Forum promptly served the UDRP complaint filed by Thorntail on Host Master 1337 via the email address and P.O. box identified by Tucows. (*Id.*)  Host Master 1337 was informed they had until December 4, 2023, to submit a response but never filed one. (*Id.* at 2-3.)

On December 12, 2023, the single arbitrator (a solicitor based in Australia) denied

---

[1] The acquisition of Two Beer Brewing Co. and Seattle Cider by Agrail Group in 2016 did not go smoothly, resulting in allegations against VandenBrink and counterclaims against Agrail. (*Id.* ¶¶ 18-19.) In June of 2021, approximately six months before a scheduled trial, the parties settled the dispute denying all allegations. (*Id.* ¶ 20.) Plaintiffs suspect the events surrounding this lawsuit could provide motivation for the present interference with Thorntail Hard Agave.

**PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER** - 5

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

Plaintiffs' request to transfer the Infringing Domain based on a finding that "Thorntail" had not acquired secondary meaning—a conclusion manifesting a disregard of the law, which does not require secondary meaning for an inherently distinctive, non-descriptive trademark. The arbitrator declined even to consider whether Thorntail is an inherently distinct, non-descriptive mark. (*Id.* ¶ 39.) The arbitrator also did not consider that Plaintiffs received the purchase order agreed to in March of 2023, and the arbitrator's award was made before public review of Plaintiffs' products on the Untappd app. (*Id.*)

### E. Attempted Service on Defendants

Given Defendant Doe's purposeful obfuscation of their identity, Plaintiffs' only path for service is through the email address or the P.O. box identified by Tucows. The P.O. box obscures any physical business address, if one exists, where Defendants could be personally served. (West Decl. ¶ 3.) Plaintiffs have no reason to believe Defendants will be any more forthcoming in response to this action than they were in the UDRP arbitration, shielded as they are by anonymity behind Host Master 1337 and the territorial protections of St Kitts and Nevis.

### F. Ongoing Harm

Plaintiffs are being harmed—actively, presently, and irreparably—by the Defamatory Websites. That harm includes, without limitation, lost opportunities for business partnerships, unknown quantities of lost potential orders, lasting reputational damage impacting Plaintiffs' personal and professional life. (VandenBrink Decl. ¶ 2, 4.) For instance, since as early as March of 2023, Plaintiffs entered negotiations with a potential strategic partner interested in working with The Agave Project in exchange for a 35% stake

**PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER** - 6

129645.0002/8075328.1

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

in the company. (*Id.* ¶ 2.) On December 13, 2023, the CEO of the potential strategic partner called me and stated that, unless the Infringing Website (thorntailhardagave.com) is taken down, they no longer want to partner with The Agave Project, explaining that the content of the Infringing Website would be a threat to their reputation if they were associated with the Thorntail Hard Agave brand. (*Id.* ¶ 2.) Plaintiffs are also concerned that large retail chains may pull Thorntail Hard Agave products from their shelves, or refuse to stock it, due to the defamatory content of the Infringing Website. (*Id.* ¶ 4.)

Every effort Plaintiffs takes to promote the Thorntail Hard Agave brand simultaneously promotes the false, defamatory, and disparaging content hosted on the Infringing Website because its domain name is identical to the Thorntail Hard Agave trademark.

## III.   ARGUMENT

### A.   Plaintiffs Are Entitled to a Temporary Restraining Order to Immediately Enjoin Defendant's Malicious Cybersquatting.

The facts of this case are simple. Defendant Doe holds a grudge against Plaintiff VandenBrink and wishes to prevent Plaintiffs from succeeding in the marketplace. Doe recognizes that cybersquatting, defamation, and business disparagement are unlawful and therefore has conspired with an anonymization service, Host Master 1337 (which itself is hiding any business address where it could be personally served behind a P.O. box), to hide their identity while engaged in such unlawful conduct.

To obtain injunctive relief under Rule 65, a plaintiff must establish (1) the likely success on one or more claims on the merits, (2) the likelihood they will suffer irreparable harm if the injunction does not issue, (3) that the balance of equities favors enjoining

**PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER** - 7

129645.0002/8075328.1

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

Defendants' conduct, and (4) that the injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7, 20 (2008); *Garcia v. Google, Inc*., 766 F.3d 929, 933 (9th Cir. 2014). "A party can also satisfy the first and third elements of the test by raising serious questions going to the merits of its case and a balance of hardships that tips sharply in its favor." *Perez v. Lukas Mach*., Inc., 2014 WL 1466443, at *2 (W.D. Wash. 2014) (citing *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011)). The standard for a TRO is substantially the same as that for a preliminary injunction. *3BA Int'l LLC v. Lubahn*, 2010 WL 2105129, at *3 (W.D. Wash. 2010) (citations omitted).

For the reasons detailed below, Plaintiffs are entitled to a Temporary Restraining Order, preventing further irreparable harm by Defendants while Plaintiffs attempt to identify the culprit and bring them before this Court.

## 1. Plaintiffs Are Likely to Succeed on the Merits of Their Claims.

Plaintiffs are likely to succeed on the merits of each of the claims stated in the complaint. To prevail on this Motion, however, Plaintiffs need only establish a likelihood of success on any one of multiple claims. Specifically, a TRO regarding the Infringing Website would be supported by a likelihood of success on the merits of any one of the claims addressed below, while a TRO regarding the Defamatory Websites would be supported by a likelihood of success on the merits of the Defamation, Business Disparagement, Tortious Interference, or Unfair Competition claims.

### a. Declaratory Judgement

"[A]ny court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration,

**PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER** - 8

129645.0002/8075328.1

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

whether or not further relief is or could be sought." 28 U.S.C.S. § 2201. Plaintiffs have shown a prima facie case that they have the right to use the "thorntailhardagave.com" domain under 28 U.S.C. § 2201(a); as addressed in Part III.A.1.b below, Plaintiffs have a trademark right in Thorntail Hard Agave, particularly with respect to Thorntail which is inherently distinctive as an arbitrary or fanciful term.

Plaintiffs also have shown a prima facia case that Defendants are cybersquatting on "thorntailhardagave.com." As addressed in Part III.A.1.c below, the Defendant registered domain name that is identical to the trademark owned by the Plaintiff and the Defendants did so in bad faith.

Plaintiffs have therefore shown they will likely succeed on the merits of their declaratory judgment claim with regards to the Infringing Website. For this reason alone, Plaintiffs are entitled to a temporary restraining order regarding the Infringing Domain.

### b. Trademark Infringement

To prove trademark infringement under Section 43(a) of the Lanham Act, a plaintiff must show that: "1) [he] has a valid, protectable mark, and 2) the defendant's use of the mark is likely to cause consumer confusion." *See OTR Wheel Eng g, Inc. v. W. Worldwide Servs., Inc.*, 897 F.3d 1008, 1022 (9th Cir. 2018). A trademark is inherently distinctive when it is suggestive, arbitrary, or fanciful. *Visa Int'l Serv. Ass'n v. JSL Corp.*, 533 F. Supp. 2d 1089, 1095 (D. Nev. 2007)

Here, Plaintiffs have shown that Thorntail Hard Agave is a distinctive mark in the alcoholic-beverage industry. (Compl. ¶¶ 38, 51.) On its face, "Thorntail" is not descriptive of the product and is instead an arbitrary or fanciful word. Likewise, the Hard Agave portion

**PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER** - 9

129645.0002/8075328.1

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

of the mark is at most suggestive of hard cider. Combined, Thorntail Hard Agave is distinctive on its face.

The Infringing Website, "thorntailhardagave.com," is identical to Plaintiffs' trademark and is being used to confuse consumers by displaying false, defamatory, and disparaging content about Thorntail and VandenBrink. (*Id.* ¶ 48.)

Given these facts, Plaintiffs will likely succeed on the merits of their trademark infringement claim regarding the Infringing Domain.

### c.   Cybersquatting

"Cybersquatting" is defined in Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d). The elements of cybersquatting are: "(1) the defendant registered, trafficked in, or used a domain name; (2) the domain name is identical or confusingly similar to a protected mark owned by the plaintiff; and (3) the defendant acted with bad faith intent to profit from that mark." *Amazon.com, Inc. v. Expert Tech Rogers PVT Ltd.*, No. 20-cv-07405-PJH (JSC), 2021 U.S. Dist. LEXIS 195212, at *17 (N.D. Cal. Sep. 22, 2021).

Here, Defendants registered the infringing domain though Tucows after Plaintiffs secured trademark rights in Thorntail Hard Agave. (Compl. ¶¶ 23, 34.) Plaintiffs have also shown that the Infringing Domain is identical or confusingly similar to their trademark. (*Id.* ¶ 32.) And Plaintiffs have shown that Defendant registered the mark in bad faith (as apparent in the source code stating, "Fuck You Joel"), with the apparent intent to profit indirectly by thwarting with Plaintiffs' competition in the hard-cider industry. (*Id.* ¶ 27-31, 50.)

Given these facts, Plaintiffs will likely succeed on the merits of their trademark infringement claim regarding the Infringing Domain.

**PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER** - 10

129645.0002/8075328.1

LOWE GRAHAM JONES ᴾᴸᴸᶜ

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

#### d.  Defamation

"The elements of a defamation claim are: (1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injure or causes special damage." *Royal Holdings Techs. Corp. v. IP Video Mkt. Info, Inc.*, No. 21-55048, 2022 U.S. App. LEXIS 31022, at *2 (9th Cir. Nov. 9, 2022) (internal citations omitted).

Here, Plaintiffs have presented facts establishing each of these elements. Defendants are using the "thorntailhardagave.com," "kompletedesignbuild.com," and "anonimcard.com" domain names to display false and inflammatory statements and images naturally tending to harm Thorntail and VandenBrink by interfering with their relationships in the alcoholic-beverage industry and harming their reputation. (Compl. ¶¶ 27-30.)  And Plaintiff has gone further to detail facts showing Defendants' malicious intent, which is particularly clear from the website's source code: "Fuck You Joel."  (*Id.* 28.)

Given these facts, Plaintiffs will likely succeed on the merits of their defamation claim regarding the Defamatory Websites.

#### e.  Business Disparagement

Based on the same facts supporting Plaintiffs' claim for defamation of VandenBrink, Plaintiffs also are likely to succeed on a business disparagement claim with respect to Thorntail.  Additionally, to establish a Lanham Act libel/commercial disparagement claim, Plaintiffs must show "an injury to a commercial interest in reputation or sales," and "economic or reputational injury flowing directly from the deception wrought by the defendant's advertising[.]" *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 131-33, 134 S. Ct. 1377, 188 L. Ed. 2d

**PLAINTIFFS' MOTION FOR TEMPORARY**
**RESTRAINING ORDER** - 11

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

392 (2014).

Here the Defamatory Websites are unmistakably malicious and are inherently damaging to Thorntail's reputation. (*See e.g.* Compl. ¶¶ 28-30.) This harm is an injury to Thorntail's corporate image and reputation and to VendenBrink's reputation as its founder and CEO, impacting their ability to raise capital and secure orders through relationships in the alcoholic-beverage industry. (*Id.* ¶ 64.) Indeed, the Defamatory Websites already have interfered with Plaintiffs' ability to secure at least one strategic partnership. (VandenBrink Decl. ¶ 2.) These harms are directly caused by the deception Defendants are advertising on the Infringing Website.

Given these facts, Plaintiffs will likely succeed on the merits of their business disparagement claim regarding the Defamatory Websites.

### f.   Tortious Interference

"A tortious interference with business expectancy claim   must   allege:   (1)   the existence of a valid contractual relationship or business expectancy; (2) that defendant had knowledge of the relationship; (3) an intentional interference inducing or causing a breach or termination of the relationship or expectancy; (4) that defendants interfered for an improper purpose or used improper means; and (5) resultant damage." *United Fed'n of Churches, LLC v. Johnson*, 598 F. Supp. 3d 1084, 1098 (W.D. Wash. 2022) (citing *Leingang v. Pierce Cty. Med. Bureau, Inc.*, 131 Wn.2d 133, 930 P.2d 288, 300 (1997)).

Here, Plaintiffs have shown valid business expectancies related to their business relationships in the alcoholic-beverage industry. (Compl. ¶ 17.) Defendant knew of these

**PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER** - 12

129645.0002/8075328.1

LOWE GRAHAM JONES ᴾᴸᴸᶜ

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

relationships because the Defamatory Websites reference VandenBrink's former work with Two Beers Brewing and Seattle Cider. (*Id.* ¶ 21.) And Defendants are plainly using the Defamatory Websites with the intent to interfere with these relationships (*Id.* ¶ 27). The Infringing Website and the false and defamatory content published on the Defamatory Websites constitute unlawful and thus improper means. (*Id.* ¶¶ 27-32.) And Defendants' conduct is causing substantial damage to Plaintiffs' reputation, goodwill, and business. (*Id.* ¶ 39.)

Given these facts, Plaintiffs will likely succeed on the merits of their tortious interference claim regarding the Defamatory Websites.

### g.  Washington State Unfair Competition

The Washington Consumer Protection Act ("WCPA") makes unlawful unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. RCW 19.86.020. "'To prevail in a private CPA claim, the plaintiff must prove (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) affecting the public interest, (4) injury to a person's business or property, and (5) causation.'" *Studio 010 Inc. v. Digit. Cashflow LLC*, No. C20-1018-DGE, 2022 U.S. Dist. LEXIS 75232, at *15 (W.D. Wash. Apr. 4, 2022) (quoting *Panag v. Farmers Ins. Co. of Wash.,* 166 Wn.2d 27, 204 P.3d 885, 889 (Wash. 2009)).

Here, Defendants' use of the Infringing Domain and the false and defamatory statements published on the Defamatory Websites are unfair or deceptive acts. Those acts are occurring in trade or commerce, as they are published on the Internet and directed at interfering with Plaintiffs' reputation and business relationships. Such acts affect the public

**PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER** - 13

129645.0002/8075328.1

LOWE GRAHAM JONES ᴾᴸᴸᶜ

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

interest, because there is a "public interest in protecting trademarks," *Fitness Int'l, LLC v. Alspaugh*, No. SA CV 22-01800-DOC-DFM, 2022 U.S. Dist. LEXIS 231861, at *4 (C.D. Cal. Oct. 14, 2022), and in not being deceived, *N.Y.C. Triathalon, LLC v. NYC Triathalon Club, Inc*., 704 F. Supp. 2d 305, 344 (S.D.N.Y. 2010). Defendants' acts are injuring Plaintiffs in the form of a significant loss of prospective customers, partnering business, goodwill, and business reputation. The injury is directly caused by the defamatory content published on both the Infringing Domain and mirror Defamatory Websites.

Given these facts, Plaintiffs will likely succeed on the merits of their defamation claim regarding the Defamatory Websites.

### 2. Plaintiffs Are Suffering and Will Continue to Suffer Irreparable Harm Absent Injunction.

"Irreparable harm is traditionally defined as harm for which there is no adequate legal remedy, such as an award of damages." *Ariz. Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1068 (9th Cir. 2014) (citing *Rent-A-Ctr., Inc. v. Canyon TV & Appliance Rental, Inc*., 944 F.2d 597, 603 (9th Cir. 1991)). Irreparable harms include intangible damages like loss of prospective customers and goodwill to a business. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co*., 240 F.3d 832, 841 (9th Cir. 2001). Or disruption of an exclusive distribution scheme. *Ty, Inc. v. GMA Accessories, Inc*., 132 F.3d 1167, 1173 (7th Cir. 1997) ("The harm to its marketing plan cannot readily be monetized and so is appropriately described as irreparable."). Harm to a plaintiff's partnerships, negotiations, and contractual relations also is generally impossible to quantify. *Disney Enters. v. VidAngel, Inc.*, 869 F.3d 848, 866 (9th Cir. 2017) (noting that "the loss of goodwill, negotiating leverage, and non-monetary terms in the [plaintiffs'] licenses cannot readily be remedied with damages"). Moreover, "[h]arm

**PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER** - 14

129645.0002/8075328.1

LOWE GRAHAM JONES ᴾᴸᴸᶜ

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

resulting from lost profits and lost customer goodwill is irreparable because it is neither easily calculable, nor easily compensable and is therefore an appropriate basis for injunctive relief." *eBay, Inc. v. Bidder's Edge*, 100 F. Supp. 2d 1058, 1066 (N.D. Cal. 2000); *see also Getty Images (U.S.), Inc. v. Virtual Clinics*, 2014 WL 1116775, at *6 (W.D. Wash. 2014) (finding irreparable harm because Getty faced potential loss of customers, goodwill, and reputation from defendant's unlicensed use of Getty's images).

Here, Defendants' Infringing Website and Defamatory Websites are inflicting and are likely to inflict harm on Plaintiffs in the form of a significant loss of prospective customers, partnering business, goodwill, and business reputation. Such harm cannot be adequately remedied by monetary damages and thus are irreparable.

### 3.   The Balance of Equities Requires Issuance of an Injunction.

"Plaintiffs' interest in preventing irreparable harm far outweighs Defendants' interest in disseminating negative information about Plaintiffs without restrictions." *Seabourn Cruise Line Ltd. v. Goldring*, No. 2:22-cv-00999-BAT, 2022 U.S. Dist. LEXIS 166389, at *10 (W.D. Wash. Aug. 29, 2022) (citing *Agassi Enterprises, Inc. v. Target Corp.*, No. 2:07-cv-01252-RLH—GWF, 2007 WL 4441195, at *3 (D. Nev. Dec. 11, 2007).). Plaintiffs have established a strong likelihood of success on the merits of their claims and the fact that Plaintiffs continue to suffer irreparable harm from the Defamatory Websites' operation. In contrast, Defendants have no legitimate interest in any benefits they may be garnering from the Defamatory Websites' interference with Plaintiffs' business. Accordingly, the balance of equities weighs strongly in Plaintiffs' favor.

### 4.   An injunction is in the public interest.

**PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER** - 15

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

"Preliminary injunctive relief is appropriate . . . to promote the public interest in protecting trademarks generally." *Fitness Int'l, LLC v. Alspaugh*, No. SA CV 22-01800-DOC-DFM, 2022 U.S. Dist. LEXIS 231861, at *4 (C.D. Cal. Oct. 14, 2022) (citing *Brookfield Communs., Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1066 (9th Cir. 1999).) The public also has an interest in not being deceived. *N.Y.C. Triathalon, LLC v. NYC Triathalon Club, Inc.*, 704 F. Supp. 2d 305, 344 (S.D.N.Y. 2010).

Here, the temporary restraining order sought by Plaintiffs serves the public's interest in immediately protecting the rights of trademark holders and preventing the distribution of malicious deceitful information through the Defamatory Websites.

### 5. The Court Should Issue a TRO to Enjoin Operation of the Defamatory Websites.

Rule 65 authorizes this Court to issue a TRO without notice to Defendants, because Plaintiffs have "show[n] that immediate and irreparable injury, loss, or damage will result to [Plaintiffs] before the [Defendants] can be heard in opposition" to this Motion. Fed. R. Civ. P. 65(b)(1). Accordingly, to ensure Plaintiffs are not continuing to be harmed while attempting to identify the anonymous individual or entity behind the Infringing Domain and Defamatory Websites, the Court should issue a TRO (as set forth in the accompanying proposed order) enjoining and restraining Defendants, their officers, agents, servants, and employees, and any persons in active concert or participation with them from:

1) Publishing content on the "thorntailhardagave.com" domain;

2) Publishing the disparaging content currently displayed on thorntailhardagave.com, kompletedesignbuild.com, anonimcard.com or

**PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER** - 16

129645.0002/8075328.1

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

1  other mirror websites; and

2   3)  Publishing any other false or defamatory content regarding Plaintiffs on
3  thorntailhardagave.com, komptedesignbuild.com, anonimcard.com or
4  other mirror websites.

5

6   **B.  The Court Should Order Expedited Discovery.**

7   The Court has broad power and good cause to permit expedited discovery. *See* Fed.
8   R. Civ. P. 26(d), (f); 30(b); 34(b). "Courts may permit expedited discovery before the Rule
9   26(f) conference upon a showing of good cause." *Microsoft Corp. v. Mai*, 2009 WL
10   1393750, at *5 (W.D. Wash. 2009) (citation omitted); *see also Renaud v. Gillick*, 2007 WL
11   98465, at *2-3 (W.D. Wash. 2007). "Good cause exists 'where the need for expedited
12   discovery, in consideration of the administration of justice, outweighs the prejudice to the
13   responding party.'" *Mai*, 2009 WL 1393750, at *5 (citation omitted).

14   Where some defendants are unknown at the time of filing suit, the Ninth Circuit
15   recognizes that plaintiffs "should be given an opportunity through discovery to identify the
16   unknown defendants, unless it is clear that discovery would not uncover the identities, or
17   that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d
18   637, 642 (9th Cir. 1980).

19   "In evaluating whether a plaintiff establishes good cause" to justify early discovery
20   to identity Doe defendants, this Court examines whether a plaintiff:

> (1) identifies the John Doe defendant with sufficient specificity that
> the Court can determine that the defendant is a real person who can
> be sued in federal court, (2) recounts the steps taken to locate and
> identify the defendant, (3) demonstrates that the action can
> withstand a motion to dismiss, and (4) proves that the discovery is

LOWE GRAHAM JONES pllc

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

likely to lead to identifying information that will permit service of process.

*Cobbler Nev., LLC v. Does 1-32*, 2015 WL 5315948, at *3 (W.D. Wash. 2015). This standard is easily met where, as here, Defendants seek to evade identification and responsibility for illegal acts. *See, e.g.*, *Microsoft Corp. v. Does 1-10*, 2018 WL 263313, at *2 (W.D. Wash. 2018) (plaintiff attempting to identify anonymous defendant based on IP Address); *Music Grp. Macao Commercial Offshore Ltd. v. John Does I-IX*, 2014 WL 11010724, at *1 (W.D. Wash. 2014) ("Courts routinely permit early discovery for the limited purpose of identifying 'Doe' defendants on whom process could not otherwise be served.").

Here, Plaintiffs seek expedited discovery to subpoena identifying information regarding the Doe owner and operator of the Defamatory Websites from third-party service-providers, including: (1) the domain registrars for websites thorntailhardagave.com, anonimcard.com (Tucows Domains Inc.), and kompletedesignbuild.com (Whois Privacy Corp.); (2) website hosts for kompletedesignbuild.com (Cloudflare Inc.); and (3) back-end service providers, web designers, or other service providers that may be identified as a result of discovery directed at domain registrars and website hosting services.

Plaintiffs have met their burden to justify early discovery of this information. First, Plaintiffs have shown that Defendant Doe has concealed their identity and the physical location and identities of the website's operators, including through use of an overseas anonymization service. Second, Plaintiffs have researched and investigated the actual locations and individuals related to the Defamatory Websites, only to be blocked by the Host Master 1337 anonymization service, which is obscuring its business address behind a

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

P.O. box.  Third, Plaintiffs have presented evidence that they have rights in the trademark being infringed by the thorntailhardagave.com domain and are actively being defamed by content hosted on this and mirror websites for unlawful purposes. Finally, Plaintiffs have shown that discovery is likely to lead to the identity of the Doe defendant, because the third parties listed above all have been identified as having relationships with and information concerning Doe's operation of the Defamatory Websites. (West Decl. ¶ 5, Ex. 2.)

Plaintiffs' expedited discovery requests are also appropriate and necessary for a second reason: to effectuate the temporary restraining order sought in this motion and stem the irreparable harm of Defendants' Defamatory Websites. *See Gantt v. Rhoton*, 2019 WL 4858619, at *2 (W.D. Wash. 2019) (granting early discovery, explaining: "Considering that plaintiff has made a motion for [TRO] and preliminary injunctive relief, it is in the best interest of the parties to have this case resolved as soon as reasonably possible.").

Because Plaintiffs' proposed expedited discovery is focused, both in scope and as to the third parties Plaintiffs wishes to serve, the request is targeted to accomplish the two goals authorized by law as set forth above. The Court should authorize Plaintiffs to conduct expedited discovery to subpoena records related to Defendants held by Tucows Domains Inc., Whois Privacy Corp., and Cloudflare Inc.

**C.     The Court Should Authorize E-Mail Service and Service by P.O. Box.**

Plaintiffs request approval to serve the complaint and all relevant papers on Defendants through the email address and P.O. box verified by Tucows Domain Inc. pursuant to mandatory requests by Forum Alternative Dispute Resolution domain in compliance with Internet Corporation for Assigned Names and Numbers ("ICANN")

**PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER** - 19

129645.0002/8075328.1

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

policies Tucows agreed to as a registrar. (West Decl. ¶ 3, 4.)  Together, these two forms of notice will ensure that the named and unnamed operators of the Defamatory Websites receive notice. (*Id.*) Hidden behind online anonymity, and conducting their unlawful activity online, Doe has made this the only viable path to communicate with them. While it would be extraordinarily difficult—if not impossible—to complete personal service on Host Master 1337, service by electronic mail, or mail sent directly to their P.O. box, would be eminently achievable. Given Defendants' purposeful anonymity, Plaintiffs have been unable to identify any real business address through which to effect service other than the P.O. box, which appears to be designed to hinder attempts at personal service. (West Decl. ¶ 3.) *People Who Care Youth Ctr., Inc. v. AMMEC, Inc. (In re People Who Care Youth Ctr., Inc)*, Nos. 2:18-bk-10290-RK, 2:18-ap-01139-RK, 2023 Bankr. LEXIS 2514, at *156 (Bankr. C.D. Cal. Sep. 26, 2023) (noting the defendants apparently understood the Federal Rules of Civil Procedure well enough to know that litigants cannot serve defendants by mail at the P.O. box, making them nearly service-proof).

To eliminate unnecessary technicalities and cost, Rule 4 provides flexibility for serving process to commence an action. Fed. R. Civ. P. 4; 4 C. WRIGHT & A. MILLER, FED. PRACTICE & PROCEDURE § 1061, at 315 (4th ed. 2015). Rule 4 empowers this Court to authorize service of process on an individual or business in a foreign country by any means authorized under the Hague Convention or not prohibited by international agreement. Fed. R. Civ. P. 4(f)(1), (3) (authorizing service "by other means not prohibited by international agreement, as the court orders" such as email); *see also id.* at 4(h)(2) (same for a business). "[S]ervice of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief,' [i]t is merely one means among several which enables service of process on an international

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

defendant." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) (citation omitted). Plaintiffs are therefore "not required to attempt service by other methods before petitioning the court for alternative service of process." *Rubie's Costume Co., Inc. v. Yiwu Hua Hao Toys Co.*, 2019 WL 6310564, at *2 (W.D. Wash. 2019) (citing *Rio Props.*, 284 F.3d at 1016).

Plaintiffs lack any knowledge of where Doe is operating, but to the best of Plaintiffs' knowledge, Doe is in contact with Host Master 1337, which in this context serves much the same purpose as a registered agent. Doe may well be monitoring the encrypted email address identified by Tucows. Host Master 1337 is based in St. Kitts and Nevis, which is now a party to the Hague Service Convention.[2] *See Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1508-12 (2017) (noting that the Hague Convention does not prohibit service by mail). And although "[s]ervice through a country's Central Authority is the principal means of service under the Hague Convention," courts (including this one) frequently authorize email service where an international defendant obscures its physical address. *See Rubie's*, 2019 WL 6310564, at *2-*3 (permitting service by email on alleged copyright infringers "where Plaintiff has been unable to ascertain physical addresses for service after a reasonable effort or where there is evidence defendants are attempting to evade service"); *see also Rio Props.*, 284 F.3d at 1014-15 ("[Defendant] had neither an office nor a door; it had only a computer terminal. If any method of communication is reasonably calculated to provide [defendant] with notice, surely it is e-mail—the method of communication which [defendant] utilizes and prefers.").

---

[2] *See* https://www.uscis.gov/adoption-information-saint-kitts-and-nevis.

**PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER** - 21

129645.0002/8075328.1

LOWE GRAHAM JONES ℠ℒℒℭ

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

Here, Defendants hid their identity through the registrar until mandated to disclose the identity of Host Master 1337 by the UDPR process, and Host Master 1337 has only provided an email address and P.O. box as potential locations for service. (West Decl. ¶¶ 3-4.)

Service by email is "constitutionally acceptable" to satisfy due process under these circumstances. *Rio Props.*, 284 F.3d at 1016-17; *Philips*, 2019 WL 1572675, at *6 (finding "email and electronic communications … are effective means of communicating with," providing notice to, and serving defendants operating exclusively online). Accordingly, Plaintiffs request authorization to serve the summons and complaint (as well as this Motion and other papers) on Defendants at the following email address: whois+thorntailhardagave.com@njal.la.

Although service by email alone is warranted here, to provide additional assurance that Defendants receive notice of these proceedings, Plaintiffs request permission to serve a second copy of the complaint and all relevant papers by mail to the P.O. box identified through to the UDRP process.

**D.    The Court Should Require Defendants to Show Cause Why a Preliminary Injunction Should Not Issue.**

The Court should issue an Order to Show Cause for Preliminary Injunction, to be heard after confirmation of service on Defendants, completion of expedited discovery, and expiration of the extended TRO.

In the meantime, good cause exists to extend the TRO until the Court enters a preliminary injunction. This will allow Plaintiffs to complete service on Defendants,

**PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER** - 22

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

1  conduct third-party discovery to uncover the identity of the Doe Defendant, and provide

2  any supplemental evidence to support a preliminary injunction. This extension is necessary

3  to allow Plaintiffs time to obtain information responsive to subpoenas to the third parties,

4  who will have 14 days to serve any objections to those subpoenas and then produce

5

6  responsive material thereafter. *See* Fed. R. Civ. P. 45(d)(2)(B).

7

8                                    **IV.    CONCLUSION**

9          To redress these wrongs and permit Plaintiffs to prosecute their claims, this Court

10 should grant Plaintiffs' requests for leave to serve Defendants by email and mail and take

11 expedited discovery of third parties and issue a TRO and order to show cause why the Court

12 should not enter a preliminary injunction.

13

14         Dated this 26th day of December 2023.

15
                                              I certify that this motion contains 5,568
16                                            words, in compliance with the Local Civil
                                              Rules.
17

18
                                              LOWE GRAHAM JONES PLLC
19

20                                            */s/ Mitchell D. West*
                                              Mitchell D. West, WSBA #53103
21                                            Mark Walters, WSBA #30819
                                              walters@lowegrahamjones.com
22                                            west@lowegrahamjones.com
                                              1325 Fourth Avenue, Suite 1130
23                                            Seattle, WA 98101
                                              Telephone: 206.381.3300
24

25

26

**PLAINTIFFS' MOTION FOR TEMPORARY**
**RESTRAINING ORDER** - 23

129645.0002/8075328.1

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301