THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE AGAVE PROJECT LLC, d/b/a THORNTAIL, and JOEL VANDENBRINK, INDIVIDUAL,<br><br>Plaintiff,<br><br>v.<br><br>HOST MASTER / 1337 SERVICES LLC, a ST. KITTS and NEVIS COMPANY, and a DOE,<br><br>Defendants. | No. 23-1984<br><br>**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT HOST MASTER/1337 SERVICES LLC**<br><br>**NOTING DATE: July 22, 2024** |

Plaintiff's The Agave Project LLC, d/b/a Thorntail, and Joel Vandenbrink ("Plaintiffs"), by and through counsel, moves this Court for entry of default judgment, pursuant to Federal Rule of Civil Procedure 55(b), against Defendant Host Master/1337 Services LLC ("Defendant"). The record reflects that the Court entered default against Defendant on May 2, 2024. (Dkt. 20.)

As discussed in more detail below, Plaintiffs seek default judgment on causes of action one and three of their Complaint. (Dkt. 1 ¶¶ 40-44, 49-57.) A proposed order is attached for the Court's consideration seeking a declaratory judgment that Defendants have violated the Anticybersquatting Consumer Protection Act ("ACPA") and Plaintiffs are entitled to the "thonrtailhardagave.com" domain under 28 U.S. C § 2201(a).

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT - 1

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

## I. FACTUAL BACKGROUND

### A. Plaintiff's Trademark Rights in Thorntail Hard Agave.

At least as early as March of 2023, VandenBrink accrued trademark rights by offering for sale, securing an agreement for distribution of, and continuing to market and promote its hard-cider products under the brand name, "Thorntail Hard Agave." (Dkt. 1 ¶ 17.) Among other things, VandenBrink sent samples of its Thorntail Hard Agave products to Columbia Distributing in Kent, Washington, in March of 2023, resulting in an agreement to purchase the branded cider for resale that was fulfilled in December of 2023. (*Id.* ¶ 13.) Plaintiffs also are marketing Thorntail Hard Agave on drinkthorntail.com. Thorntail Hard Agave products have received public reviews on Untappd, an app for sharing reviews and recommendations regarding alcoholic beverages and bars. (*Id.* ¶¶ 14-15.) Since then, Plaintiff has continued to develop the Thorntail Hard Agave brand.

### B. Acquisition of the Infringing Domain and Publication of the Defamatory Websites

In May of 2023—just after Plaintiff began offering for sale, marketing, and promoting Thorntail Hard Agave—Defendant registered the domain, "thorntailhardagave.com" and began publishing various false and inflammatory statements and images about Plaintiffs, including:

- Thorntail Hard Agave is urine and "shit" (Dkt. 4 ¶ 3);
- Funding for Thorntail will be used to purchase drugs (*Id.*);
- VandenBrink is an alcoholic and a cocaine addict and conducts other illegal activity (*Id.*).

### C. Doe's Concealment of Identity

Defendant Doe has been careful to hide their identity—apparently to avoid being held responsible for their misconduct. Thus, Doe registered the Infringing Domain through Tucows, a registrar known to have a history of non-compliance with take-down requests, which did not even list any registrant information until mandated to by the arbitrator in compliance with Internet

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

Corporation for Assigned Names and Numbers ("ICANN") policies Tucows agreed to as a registrar. (Dkt. 1 ¶ 33-35.)

To learn the identity of the registrant for the "thorntailhardagave.com" domain, Plaintiffs instituted an action pursuant to the Uniform Domain-Name Dispute-Resolution Policy ("UDRP") with the World Intellectual Property Organization that was heard by Forum Alternative Dispute Resolution. (*Id.* ¶ 36.) Through that process, Plaintiffs learned that the anonymous individual or entity behind the Domain was further anonymized by using an intermediary, Host Master 1337, as the registrant of the Thorntail Hard Agave Domain.

D.  **UDRP Arbitration**

Plaintiffs initiated the UDRP action against the then unknown registrant seeking to transfer the Infringing Domain on November 10, 2023. (Dkt. 3 Ex 1 at 2.) In response to a mandatory request by Forum Alternative Dispute Resolution ("Forum"), under the UDRP, Tucows identified Host Master 1337 as the registrant of the Infringing Domain via email. Forum promptly served the UDRP complaint filed by Thorntail on Host Master 1337 via the email address and P.O. box identified by Tucows. (*Id.*) Host Master 1337 was informed they had until December 4, 2023, to submit a response but never filed one. (*Id.* at 2-3.)

On December 12, 2023, the single arbitrator (a solicitor based in Australia) denied Plaintiffs' request to transfer the Infringing Domain based on a finding that "Thorntail" had not acquired secondary meaning—a conclusion manifesting a disregard of the law, which does not require secondary meaning for an inherently distinctive, non-descriptive trademark. The arbitrator declined even to consider whether Thorntail is an inherently distinct, non-descriptive mark. (*Id.* ¶ 39.) The arbitrator also did not consider that Plaintiffs received the purchase order agreed to in March of 2023, and the arbitrator's award was made before public review of Plaintiffs' products

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT - 3

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

on the Untappd app. (*Id.*)

### E. Attempted Service on Defendants

The Court's December 29, 2023 order granted Plaintiffs' request for alternative service on Defendant Host Master 1337 via email (whois+thorntailhardagave.com@njal.la) and P.O. box (P.O. Box 590 Springgates East, Government Road, Charlestown, Nevis, KN KN0802). (Dkt. 11 at 7.) And a Summons to Defendant was issued on January 3, 2024 (Dkt. 13.)

Defendants have attempted service on Host Master/1337 Services via emails (whois+thorntailhardagave.com@njal.la) sent December 27, 2023 and March 21, 2024, as well as mail to Host Master 1337's P.O. box (P.O. Box 590 Spring gates East, Government Road, Charlestown, Nevis, KN KN0802) send on January 3, 2024 with delivery attempted on January 23, 2024. (Dkt. 17 Exs. A-C; *Id.* ¶¶ 2-4.)

Due to USPS tracking not updating since the attempted delivery on January 23, 2024, it is apparent the attempted delivery to Host Master 1337's Nevis P.O. box has failed permanently. (*Id.* Ex. B.)

Defendant's answer or responsive pleading was due no later than 21 days from service of the Summons and Complaint sent via email on March 21, 2024, on April 11, 2024. *See* Fed. R. Civ. P. 12(a)(1).

To date, Defendant has not filed an answer or responsive pleadings nor requested an extension of time to do so. (Dkt. 19 ¶ 2.) Defendant is a St. Kitts and Nevis company; Defendant is not an infant, not incompetent, and not on active duty in the United States military or otherwise exempted under the Service Members Civil Relief Act. (*Id.* ¶ 3.)

Lowe Graham Jones PLLC
1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

Defendants have never filed an answer, and on May 2, 2024, the Court entered a default against Defendant Host Master 1337. (Dkt. 20.)

## II. THE COURT SHOULD ENTER DEFAULT JUDGMENT.

### A. Plaintiff Has Satisfied the Procedural Requirements

The Complaint (Dkt. 1) and Declaration of Mithcell D. West in Support of Entry of Default (Dkt. 19) set forth facts necessary for the Court to enter default judgment against Defendants. Defendants are not "minors or incompetent persons" (Fed. R. Civ. P. 55(b)(2)) or in the military service. Plaintiff concurrently serves notice of this Motion and all supporting papers on Defendants, pursuant to Rule 55(b)(2). Therefore, Plaintiff has satisfied the procedural predicates to default judgment.

### B. The Eitel Factors Favor Default Judgment Against Defendants

A party is entitled to apply for a default judgment once default has been entered. Fed. R. Civ. P. 55(b). Because Defendants have defaulted, all of the allegations in the Complaint, aside from the amount of damages, are deemed admitted. *See* Fed. R. Civ. P. 8(b)(6); *Geddes v. United Fin. Grp.,* 559 F.2d 557, 560 (9th Cir. 1977). It is within the Court's discretion to enter default judgment following entry of default by the clerk. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). The Ninth Circuit has identified seven factors for district courts to consider before entering default judgment, which are discussed in the following sections. *See id.* at 1471–72. None of these factors weigh against entry of default judgment here.

#### 1. *Possibility of Prejudice to Plaintiff (Factor 1)*

If denial of default judgment will likely leave a plaintiff without recourse for recovery, such potential prejudice favors default judgment. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, due to the UDRP Arbitration, Plaintiff has

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

no other means to require Host Master 1337 (through the domain registrar Tucows) to transfer the domain to Plaintiff. Plaintiff will likely suffer prejudice in the absence of a default judgment since they will not be able to use their trademark domain to advertise their product and will continue to be at risk of malicious use of the domain.

2. *Merits of Claim/Sufficiency of the Complaint (Factors 2 & 3)*

"[U]pon default the factual allegations of the complaint, except those relating to the amount of damages will be taken as true." *Geddes*, 559 F.2d at 560. The court must examine the complaint to determine whether the plaintiff adequately pled a claim for relief. *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). An adequately pled complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Here, the Court already determined that Plaintiff has claims plausible on their face by granting expedited discovery. (ECF 11). Thus, this factor favors default judgment.

3. *Sum of Money at Stake (Factor 4)*

This *Eitel* factor requires the Court to "consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo,* 238 F. Supp. 2d at 1176. Here, Plaintiffs are not seeking the monetary damages caused by Defendant's tortious conduct but only control of the domain address Defendant is cybersquatting on and has used to interfere with Plaintiff's business. Thus, this factor weighs in favor of entry of default judgment. *See Stewart Title Gua$^1$r. Co. v. 2485 Calle Del Oro, LLC*, No. 15-CV-2288-BAS-WVG, 2018 WL 3222610, at *19 (S.D. Cal. June 19, 2018) ("When proper evidence is presented which shows that the

compensation sought is . . . otherwise appropriate, the court should find that this factor weighs in favor of entry of default judgment.").

Moreover, Defendants have flagrantly, willfully, and with callous disregard to Plaintiff's rights, publish malicious inflammatory content about Defendants on a website infringe on Plaintiff's trademarks. "[t]he Ninth Circuit has stressed that 'the trial court's primary function should center on making any violations of the Lanham Act unprofitable to the infringing party.'" *Munhwa Broad. Corp. v. Create New Tech. Co.*, No. CV1404213RGKRZX, 2015 WL 12752536, at *6 (C.D. Cal. Sept. 2, 2015) (quoting *Playboy Enters., Inc. v. Baccarat Clothing Co., Inc.*, 692 F.2d 1272, 1274 (9th Cir. 1982)); *see also Getty Petroleum Corp. v. Bartco Petroleum Corp.*, 858 F.2d 103, 113 (2d Cir. 1988) ("To the extent that deterrence of willful infringement is needed, the statutorily provided remedies of [the Lanham Act] are sufficient: a district court is empowered to enhance a monetary recovery of damages or profits...."); *Computer Memory Sols., Inc. v. Lifetime Memory Prod., Inc.*, No. SACV160719DOCJEMX, 2016 WL 10586283, at *3 (C.D. Cal. Aug. 17, 2016) ("[S]o long as the purpose of the enhanced damages award is to ensure that the Plaintiff receives compensation, treble damages are recoverable as a matter of law."). Given the seriousness of the conduct, even if Plaintiffs were seeking monetary damages (they are not) these factors would not weigh against default judgment under the facts of this case.

### 4. *There is No Possibility of Dispute About Material Facts (Factor 5)*

All well-pleaded facts in the complaint are taken as true, except for damages. *See Televideo v. Heidenthal*, 826 F.2d 915, 917–918 (9th Cir. 1987); *Geddes*, 559 F.2d at 560. Because Plaintiff supports its claims with ample evidence, and Defendants made no attempt "to

LOWE GRAHAM JONES<sub>PLLC</sub>

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

challenge the accuracy of the allegations in the complaint, no factual disputes exist that preclude the entry of default judgment." *Landstar Ranger, Inc. v. Parth Enters.,* 725 F. Supp. 2d 916, 922 (C.D. Cal. 2010). Therefore, this factor supports entry of default judgment.

### 5. *Defendants' Default Is Not Due to Excusable Neglect (Factor 6)*

Defendants have each been properly served with the summons and Complaint in accordance with this Court's Order. (Dkt. 11.) The record shows they are well aware of this action (pulling down the malicious website content after being electronically served with a copy of the Complaint), and simply chose not to appear or answer the Complaint. Therefore, the default is not due to excusable neglect. *See generally Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012) ("Defendants Adams and IFG were properly served and initially participated in this litigation, and thus, their default did not occur because of excusable neglect."); *see also AFL Telecomm'ns LLC v. Fiberoptic Hardware, LLC*, No. CV11-01081-PHX-DGC, 2012 WL 1956629, at *3 (D. Ariz. May 31, 2012) ("FOH was aware that withdrawal of its counsel would result in default judgment, so the default did not result from excusable neglect.").

### 6. *Strong Policy Favoring Decisions on the Merits (Factor 7)*

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. Here, Defendants' failure to answer the Complaint and retain counsel "makes a decision on the merits impractical, if not impossible." *PepsiCo*, 238 F. Supp. 2d at 1177. "Thus, the preference to decide cases on the merits does not preclude a court from granting default judgment." *Id.* (citation omitted).

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

Accordingly, an analysis of the *Eitel* factors strongly supports entry of default judgment.

### III. CONCLUSION

For the aforementioned reasons Plaintiffs respectfully request the Court grant Plaintiffs' motion for default judge against Defendant Host Master/1337 Services LLC.

DATED this 22nd day of July 2024.

Lowe Graham Jones PLLC

By: */s/ Mitchell D. West*
Mitchell D. West, WSBA No. 53103
west@lowegrahamjones.com
1325 Fourth Avenue, Suite 1130
Seattle, WA 98101
Telephone: (206) 381-3300